Edward W. Choi, Esq. SBN 211334
edward.choi@choiandassociates.com
LAW OFFICES OF CHOI & ASSOCIATES
A Professional Corporation
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885

Larry W. Lee, Esq. SBN 228175
Nick Rosenthal (State Bar No. 268297)
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile: (213) 488-6554
Email: lwlee@diversitylaw.com

David Lee, Esq. SBN 296294
DAVID LEE LAW
515 S. Flower Street, Suite 3600
Los Angeles, California 90071
Telephone: (213)236-3536
Facsimile: (866) 658-4722
Email: David@DavidJLeeLaw.com

Attorneys for Plaintiff and the Class

**FILED**
Superior Court of California
County of Riverside
1/30/2018
A. Rangel
By Fax

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| EDWIN CHILDS, as an individual and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CRST EXPEDITED, INC., a Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: **RIC1802172** <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES FOR:** <br><br> (1) VIOLATION OF CAL. LABOR CODE §§ 226.2 AND 226.7; <br><br> (2) VIOLATION OF CAL. LABOR CODE §§ 226(a) and 226.2; AND <br><br> (3) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 ET SEQ. <br><br> **DEMAND OVER $25,000.00** |

1

**CLASS ACTION COMPLAINT**

Plaintiff EDWIN CHILDS ("Plaintiff") hereby submits this Class Action Complaint ("Complaint") against Defendant CRST EXPEDITED, INC. and Does 1 through 50 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees of Defendants for failure to provide off-duty rest breaks, failure to keep accurate records, and penalties under the California Labor Code, and for restitution as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§226, 226.2, 226.7, the applicable Wage Orders of the California Industrial Welfare Commission ("IWC") and the California Unfair Competition Law (the "UCL").

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the UCL against individuals who worked for Defendants.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in Defendants' failure to: (a) provide paid rest breaks and (b) provide accurate itemized wage statements.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and the UCL by creating and maintaining policies, practices, and customs that knowingly deny employees the above stated rights and benefits.

5. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the UCL.

6. The Court has jurisdiction over the violations of the California Labor Code §§226, 226.2, 226.7, and the UCL.

## PARTIES

7. On or about March 1, 2017, Defendant hired Plaintiff as a driver. Plaintiff was compensated on a mileage-rate basis for his work.

8. Plaintiff was and is the victim of the policies, practices, and customs of Defendant complained of in this action in ways that have deprived him of the rights guaranteed by California Labor Code §§226, 226.2, 226.7, and the UCL.

9. Plaintiff is informed and believes and based thereon alleges Defendant CRST EXPEDITED, INC. was and is a Corporation doing business in the State of California providing carrier and transportation services.

10. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11. As such, and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to California Labor Code §§ 226, 226.2, 226.7, and the UCL.

12. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs, and injuries complained of herein.

13. At all times herein mentioned, each of said defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times

1. material hereto, each of the Defendants named herein was the agent, employee, alter ego, and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

17. **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382, of a class of all current and former mileage-rate workers, including, but not limited to drivers, who worked for Defendants at any time during the period of January 30, 2014 to the present, in the State of California (the "Class"). The Class consists of the following subclasses:

    a. All current and former mileage-rate workers, including, but not limited to drivers, who worked for Defendants at any time between January 30, 2014 to the present, and worked 3.5 hours or more during any work shift ("Rest Break Sub-Class");

    b. All current and former mileage-rate workers, including, but not limited to drivers, who worked for Defendants at any time between January 30, 2017 to the present, and received at least one itemized wage statement ("Wage Statement Sub-Class").

18. Plaintiff further reserves the right to amend such class definitions based upon further discovery.

19. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records. Plaintiffs are informed and believe, and based thereon allege, that Defendants: (a) provide paid rest breaks and (b) provide accurate itemized wage statements.

20. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

21. Plaintiff is informed and believes and based thereon alleges Defendants, in violation of California Labor Code §§226, 226.2, 226.7, and the UCL, had a consistent and uniform policy, practice and procedure of willfully failing to provide paid rest breaks and provide accurate wage statements to comply with Labor Code §§226, 226.2, 226.7, and the UCL. Plaintiff and other members of the Class did not secret or absent themselves from Defendants, nor refuse to accept the earned and unpaid wages from Defendants. Accordingly, Defendants are liable for rest break premium wages and wage statement penalties.

22. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants' policy and practice of: (a) provide rest breaks and (b) provide accurate itemized wage statements.

23. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff suffered the harm alleged in this Complaint in a similar and typical manner as the Class Members. As with all other drivers in the State of California, Plaintiff was paid on a mileage-rate basis. Plaintiff was routinely required to work without being provided a

duty-free paid rest period of at least 10 minutes during the first 3.5 hours of his work shift. Furthermore, because Plaintiff was paid on a mileage-rate basis and did not receive an hourly wage, any duty-free rest breaks Plaintiff may have taken were not "paid" rest breaks. In addition to the above, the wage statements provided by Defendants to Plaintiff failed to identify the applicable rate(s) of pay and/or applicable rates or numbers for each mileage rate wage earned by Plaintiff, the total number of hours worked, and the applicable rates of pay for non-productive time. Therefore, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 226, 226.2, 226.7.

24. The California Labor Code upon which Plaintiff bases these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

25. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

26. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to

individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

27. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full amount of unpaid wages, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§218.5, 218.6, 226, and Code of Civil Procedure § 1021.5.

28. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is a representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

29. The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §§ 226.2 AND 226.7**

**(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31. This cause of action is brought pursuant to Labor Code §§ 226.2 and 226.7, which require an employer to provide employees with a ten (10) minute paid rest period for every 3.5 hours worked by an employee. Defendants failed in their affirmative obligation to ensure that Plaintiff and other class members had the opportunity to take and were provided with duty-free rest periods in accordance with the mandates of the California Labor Code and the applicable

IWC Wage Order. As a result of Defendants' compensation scheme, Plaintiff and the class were not provided with "paid" rest breaks. As such, Defendants are responsible for paying premium compensation for missed rest periods, as well as the lost wages for the unpaid rest breaks pursuant to Labor Code §§ 226.2, 226.7 and the applicable IWC Wage Order.

32. As a pattern and practice, Plaintiff and class members regularly worked shifts of 3.5 hours or more per day and accordingly had a right to take a paid 10-minute duty-free rest period each day worked in any such shifts. However, given that Plaintiff and class members were compensated on a mileage-rate basis, they were not provided with "paid" rest breaks.

33. Plaintiff and class members were not paid an hourly wage and any such duty-free rest breaks Plaintiff and class members may have taken were not compensated.

34. Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay employees who were not provided paid rest breaks, and that Plaintiff and other class members are owed wages for the rest period violations set forth above. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

35. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and class members identified herein, in a civil action, for the lost wages and unpaid balance of the premium compensation pursuant to Labor Code §§ 226.2, 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

### SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226(a) AND 226.2

### (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.

37. Defendants failed in their affirmative obligation to provide accurate itemized wage statements. For instance, the wage statements provided to Plaintiff failed to identify the unpaid wages due to the unpaid rest breaks. The wage statements issued to the mileage-paid Plaintiff displayed inaccurate amounts of gross and net pay.

38. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code §§ 226 and 226.2, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 226 and 226.2.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.

## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND ON BEHALF OF THE CLASS)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set for herein.

40. DEFENDANTS, and each of them, have engaged and continue to engage in unfair, unlawful, and misleading business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by failing to provide paid rest periods.

41. DEFENDANTS' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over DEFENDANTS' competitors.

42. Plaintiff seeks, on his own behalf and on behalf of the general public, full restitution of monies—including rest break premium wages--as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

43. Plaintiff seeks rest break premium wages owed pursuant to DEFENDANTS' own policies, practices and procedures for rest break premium wages that did not comply with California law.

44. Plaintiff seeks, on his own behalf and on behalf of the general public, an injunction to prohibit DEFENDANTS from continuing to engage in the unfair business practices complained of herein.

45. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

46. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code §17200 et seq., including those set forth herein above thereby depriving Plaintiffs and other members of the general public the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order appointing Plaintiff as the representative of the Class as described herein;

2. For an order appointing Counsel for Plaintiff as class counsel;

3. Upon the First Cause of Action, for damages and/or penalties, as well as attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 226.2 and 226.7;

4. Upon the Second Cause of Action, for damages and/or penalties, as well as attorneys' fees and costs, pursuant to statute as set forth in Labor Code §§ 226 and 226.2;

5. Upon the Third Cause of Action, for restitution of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of Business and Professions Code §17200 et seq.;

6. On all causes of action for attorneys' fees and costs as provided by California Labor Code §§218.5, 226 and Code of Civil Procedure § 1021.5; and

7. For such other and further relief that the Court may deem just and proper.

///

| | | |
|---|---|---|
| 1 | DATED: January 30, 2018 | LAW OFFICES OF CHOI & ASSOCIATES |
| 2 | | |
| 3 | | By:  |
| 4 | | Edward W. Choi<br>Attorneys for Plaintiff and the Class |

11

**CLASS ACTION COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Edward W. Choi, Esq. SBN 211334<br>Law Offices of Choi & Associates<br>515 S. Figueroa St., Suite 1250<br><br>Los Angeles, CA 90071<br>TELEPHONE NO.: 213-381-1515   FAX NO.: 213-465-4885<br>ATTORNEY FOR *(Name):* Plaintiff and the Class | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main St.
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME: CHILDS v. CRST EXPEDITED

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount         (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties     d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence       f.  [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* THREE

5. This case [X] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 30, 2018
Edward W. Choi, Esq. SBN 211334
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit A
Page 12 of 15



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*
(California Rules of Court, Rule 3.221; Local Rule, Title 3, Division 2)

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

### Advantages of ADR:
- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

Page 1 of 3

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A [Rev. 1/1/12]

<u>Arbitration may be appropriate when the parties:</u>
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

<u>Arbitration is not appropriate when the parties:</u>
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

### RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS
ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

#### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

#### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

#### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

#### EFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

#### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900

Page 2 of 3

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A [Rev. 1/1/12]

Exhibit A

Page 14 of 15

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:           FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE** <br> ☐ **Banning** - 311 E. Ramsey Street, Banning, CA 92220 <br> ☐ **Hemet** - 880 N. State Street, Hemet, CA 92543 <br> ☐ **Indio** - 46-200 Oasis Street, Indio, CA 92201 <br> ☐ **Riverside** - 4050 Main Street, Riverside, CA 92501 <br> ☐ **Temecula** - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591 | |
| PLAINTIFF(S): <br><br> DEFENDANT(S): | CASE NUMBER: |
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)** <br> (CRC 3.2221; Local Rule, Title 3, Division 2) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation            ☐ Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation            ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration  ☐ Other (describe):_____

Proposed date to complete ADR: _____.

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

---

PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff  ☐ Defendant

PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff  ☐ Defendant

PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff  ☐ Defendant

PRINT NAME OF PARTY OR ATTORNEY      SIGNATURE OF PARTY OR ATTORNEY      DATE
☐ Plaintiff  ☐ Defendant

☐ Additional signature(s) attached

Page 3 of 3

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1  [Rev. 1/1/12]

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Exhibit A
Page 15 of 15